557 A.2d 15

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**AL HAMILTON CONTRACTING CO., Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 6, 1988.

Filed Jan. 12, 1989.

430

Alan Kirk, Clearfield, for appellant.

Sharon Potter, Assistant District Attorney, Bellefonte, for Com., appellee.

Before CAVANAUGH, OLSZEWSKI and KELLY, JJ.

CAVANAUGH, Judge:

Al Hamilton Contracting Company, Inc. brings this appeal from judgment of sentence entered after a jury convicted the corporation of violating the provisions of 30 Pa. C.S.A. § 2504(a)(2). Appellant has enumerated fifteen issues for our consideration. A review of the record does not reveal any error by the lower court, however, and we consequently affirm the judgment of sentence entered below.

Appellant was prosecuted by the Commonwealth for violation of the following statute:

§ 2504. Pollution of waters

(a) General rule.—No person, regardless of intent, shall:

(2) Allow any substance, deleterious, destructive or poisonous to fish, to be turned into or allowed to run, flow, wash or be emptied into any waters within or bordering on this Commonwealth.

Appellant, who is engaged in the business of surface mining, was convicted of allowing a substance deleterious to fish to enter an unnamed tributary of Mountain Branch in Centre County. This offense is punishable as a misdemeanor of the third degree, 30 Pa.C.S.A. § 2504(d), and appellant was ordered to pay the costs of prosecution and a $2,500.00 fine.

█ Appellant initially alleges that the bill of information is deficient in its use of overly broad language as to the offense charged. The lower court notes that the information used the exact language of the statute and is therefore sufficient to notify appellant of the charges against which it must defend itself.

█ Appellant objects to the use of the term "pollution" and the phrase "acid mine drainage" by Commonwealth witnesses as being prejudicial. However, the company has not explained how it has been harmed and we do not find the use of these terms to be inherently prejudicial.

█ Numerous objections are made to evidence admitted at trial and the testimony of various Commonwealth witnesses which was based on the evidence in question. Appellant objects to introduction of geological maps which it claims do not reflect contemporaneous surface mining activity in the area of the stream. Appellant also objects to the admission of electrofishing and macroinvertebrate sampling evidence on the grounds that the sampling was done at a time too remote from the date of the incident. We find no merit to these claims.

The evidence in question is not irrelevant, immaterial or prejudicial, as appellant charges. The weight of the evidence was for the factfinder to determine. Appellant chose to follow a strategy at trial in which it called no witnesses and submitted no evidence on its own behalf. Having chosen this course, appellant cannot complain that no evidence favorable to its case was introduced.

■ It is charged that evidence of water quality sampling and analysis is inadmissible as hearsay because no adequate chain of custody was established for the samples. However, *Commonwealth v. Griffin*, 310 Pa.Super. 39, 456 A.2d 171 (1983) states that physical evidence is properly admitted where circumstances support a reasonable inference that the identity and condition of the evidence remains unimpaired despite any gap in testimony regarding chain of custody. The trial court was satisfied that the circumstances of the instant case supported such a reasonable inference, and we find no reason to question that determination.

■ Appellant repeatedly challenges testimony as being inadmissible because the various witnesses did not have a personal knowledge or observation of the area in which the incident occurred and because they did not personally perform the tests on which their testimony was based. An expert's opinion may be based on tests performed by others and on information the expert gains from the testimony of other witnesses. These facts need not be gained by the expert's personal knowledge or observations alone. These points were adequately discussed by the trial court, along with citations of authority. We find no error in the admission of testimony challenged by appellant.

■ The argument that the levels of aluminum found in the water samples was within the regulatory standard promulgated by the Department of Environmental Resources (DER) was considered to be irrelevant by the trial court and we agree with that assessment. Appellant cites the criteria for aluminum levels set at 25 Pa. Admin. Code § 93.7 as controlling. However, the scope of the standard,

explained at 25 Pa. Admin. Code § 93.2, relates to the regulation of discharges by DER. Appellant is not charged with violation of a DER regulation but instead is convicted of a statutory violation which provides for a criminal penalty.

■ Appellant labels remarks made by the prosecutor in opening and closing arguments as so prejudicial that "no curative instruction can remove this taint" (Appellant's brief p. 40) and alleges error in the court's failure to grant a motion for mistrial. The decision of the trial court to deny a motion for mistrial will not be reversed absent a demonstration of an abuse of discretion, *Commonwealth v. Thomas*, 346 Pa.Super. 11, 498 A.2d 1345 (1985), and that has not been demonstrated here. As partial support for this charge appellant quotes the statement of the District Attorney that he did not "know what the defense has in store for you. They may have experts of their own. No doubt they will." We do not find these remarks to be prejudicial.

■ Likewise the decision of the trial court to refuse to charge the jury in the specific manner requested by a party will only be reversed if an abuse of discretion is shown. *Commonwealth v. Sirbaugh*, 347 Pa.Super. 154, 500 A.2d 453 (1985). The court below states that several of appellant's points for charge are adequately reflected in the jury charge, while the remainder were rejected as not correctly reflecting the law. We find no error in the court's determination.

The Company also claims that instructions given by the court to the jurors cautioning them to avoid media accounts of the proceedings were inadequate. We disagree with this contention and find no error committed by the trial court in this regard.

■ Finally, appellant alleges that the trial court erred in failing to grant its motion for a demurrer. The failure of the court below to grant a demurrer is not properly the subject of appeal. *Commonwealth v. Hammock*, 319 Pa. Super. 497, 466 A.2d 653 (1983).

Having fully reviewed appellant's allegations of error, we do not find them to be of merit.

Judgment of sentence is affirmed.