580 A.2d 848

**COMMONWEALTH of Pennsylvania**

v.

**Heriberto PIRELA, Appellant.**

Superior Court of Pennsylvania.

Submitted May 21, 1990.

Filed Sept. 26, 1990.

James S. Bruno, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com.

Before CIRILLO, President Judge, and HOFFMAN and BROSKY, JJ.

HOFFMAN, Judge:

This appeal is from the judgment of sentence for second degree murder, robbery, and criminal conspiracy. Appellant contends that: (1) trial counsel was ineffective; (2) there was insufficient evidence to convict him; and (3) the trial court erred in denying a motion for a mistrial after the prosecutor told a witness he would be jailed if he failed to testify.[1] For the following reasons, we affirm.

---

1. Appellant also contends that the district attorney engaged in prosecutorial misconduct by violating a sequestration order when he met outside of court with one of the Commonwealth witnesses in the presence of a defense witness. *See* Appellant's Brief at 10. Upon violation of a sequestration order, it is within the trial court's discretion to fashion a remedy. *Commonwealth v. Smith,* 464 Pa. 314, 320, 346 A.2d 757, 760 (1975); *see also Commonwealth v. Mokluk,* 298 Pa.Super. 360, 363, 444 A.2d 1214, 1216 (1982) (Hoffman, J., concurring). After carefully reviewing the record and the parties' briefs, we

On July 6, 1983, appellant was arrested and charged in connection with the August 15, 1982 shooting of Ignacio Slafman during the robbery of a pizzeria. After a bench trial with a co-defendant on March 19, 1984, appellant was found guilty of the above-mentioned crimes. On March 21, 1984, post-verdict motions were filed in which appellant reserved the right to file additional reasons to support his claims when the notes of testimony were made available. On March 27, 1985, supplemental post-verdict motions were filed. After denying appellant's motions, the trial judge sentenced appellant to life imprisonment for murder, and five to ten years imprisonment for criminal conspiracy, those sentences to run consecutively.[2] Although a timely appeal was filed, counsel failed to timely file a brief, and the appeal was dismissed. Subsequently, appellant filed a petition under the Post Conviction Hearing Act[3] and a *pro se* petition to appoint new counsel. Present counsel was appointed, and, thereafter, appellant sought leave to appeal from the judgment of sentence, *nunc pro tunc*. The trial court granted the request, and this timely appeal followed.

Appellant contends that trial counsel was ineffective for (1) failing to request permission to file supplemental post-verdict motions; and (2) failing to object to the admission into evidence of co-defendant's statement, or alternatively, request a severance. We shall address these claims, *seriatim*.

On appellate review, counsel is presumed to be effective, *Commonwealth v. Pierce*, 515 Pa. 153, 159, 527 A.2d 973, 975 (1987), and the burden rests with appellant to overcome that presumption. *Commonwealth v. Jones*, 298

conclude that the trial court has properly addressed and disposed of this issue in its opinion. As the court noted, if a violation of the sequestration order occurred at all, it "had little or no impact on the witnesses or on the trial and was not serious." Accordingly, we need not address the issue further.

2. The robbery charge merged with the murder charge for sentencing purposes.

3. The Post Conviction Hearing Act (PCHA) has since been modified in part, repealed in part, and renamed the Post Conviction Relief Act (PCRA). *See* 42 Pa.C.S.A. § 9541–9546.

Pa.Super 199, 205, 444 A.2d 729, 732 (1982). To prevail on a claim of ineffectiveness, appellant must show that his contention has arguable merit, that trial counsel's course of action had no reasonable basis designed to serve his interests, and that counsel's conduct prejudiced him. *Commonwealth v. Pierce, supra; see also Commonwealth v. Davis,* 518 Pa. 77, 83, 541 A.2d 315, 318 (1988).

Appellant first argues that trial counsel's failure to request permission on the record to file supplemental post-verdict motions rendered his assistance ineffective. We disagree.

 If trial counsel fails to request permission on the record to file supplemental post-verdict motions,[4] but the trial court, nonetheless, addresses the issues on the merits, then the issues are not waived. *See Commonwealth v. Hewett,* 380 Pa.Super. 334, 338, 551 A.2d 1080, 1082 (1988) (characterizing *Commonwealth v. Sheaff,* 518 Pa. 655, 544 A.2d 1342 (Table) (1988) (per curiam)), *appeal denied,* 522 Pa. 583, 559 A.2d 526 (1988). Therefore, issues in untimely filed post-verdict motions that were not treated as waived by the trial court will not be considered waived for purposes of appeal. *See Commonwealth v. McBride,* 391 Pa.Super. 113, 117–19, 570 A.2d 539, 541 (1990); *Commonwealth v. Hewett, supra.*

 Here, there is no reason for us to conclude that the trial court considered any of appellant's issues waived. The trial court opinion addressed issues contained in the supplemental post-verdict motions. *See* Trial Court Opinion at 2. Although the trial court did not write on each claim con-

---

**4.** *See* Pa.R.Crim.P. 1123, which, in relevant part, provides:
Post–Verdict Motions
(a) Within ten (10) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment. Only those grounds may be considered which were raised in pre-trial proceedings or at trial, unless the trial judge, upon cause shown, allows otherwise. Argument, a hearing, or both shall be scheduled and heard promptly after such motions are filed, and only those issues raised and the grounds relied upon in the motions that are stated specifically and with particularity may be argued or heard....

tained in the supplemental post-verdict motions specifically, the court did consider and deny each issue. Because the trial court addressed the merits of the issues in the supplemental post-verdict motions, the issues are preserved for appeal. Accordingly, appellant's claim that counsel was ineffective for failing to request permission on the record to file supplemental post-verdict motions lacks arguable merit.

Appellant next contends that trial counsel was ineffective for failing to object to the admission of his co-defendant's redacted statement or, alternatively, to request a severance. Although appellant's argument is somewhat confusing, he apparently relies on the United States and Pennsylvania Constitutions to argue that absent a face-to-face confrontation, the use of a co-defendant's statement, regardless of the sufficiency of redaction, should be precluded. *See* Appellant's Brief at 19. We disagree.

As appellant himself acknowledges, a co-defendant's statement may be sufficiently redacted so as to be admissible. *See Commonwealth v. Rawls,* 276 Pa.Super. 89, 419 A.2d 109 (1980). Indeed, it is well-established that a co-defendant's edited statement is admissible if it retains its narrative integrity and yet in no way implicates the defendant. *Commonwealth v. Johnson,* 474 Pa. 410, 378 A.2d 859 (1977); *Commonwealth v. McQuaid,* 273 Pa.Super. 600, 417 A.2d 1210 (1980); *Commonwealth v. Rawls, supra.*

Here, appellant argues that the statement was not properly redacted even though no reference was made to him.[5] *See* N.T. March 19, 1984 at 7–9. The statement, as read, referred to, and implicated, several people by name, including the co-defendant. The statement also referred to one person as "X". As the Commonwealth aptly notes, the statement never identified or inculpated appellant. Furthermore, we find no evidence that the statement was introduced against appellant. On this record, we are satisfied that the trial judge, sitting as fact-finder, considered

5. The record reveals that the co-defendant in this case gave statements to police on two occasions, September 30, 1982, and July 7, 1983. *See* N.T. March 19, 1984 at 7–9, 13–16.

this statement against co-defendant only, and that it could not have worked to prejudice appellant. Therefore, we find no ineffectiveness in trial counsel's failure to object to the introduction into evidence of co-defendant's statement.

Appellant next argues that trial counsel was ineffective for not requesting a severance. This claim is meritless. The decision of whether to grant a severance is within the discretion of the trial court, and the trial court's decision in this regard will not be reversed absent an abuse of discretion. *Commonwealth v. Patterson*, 519 Pa. 190, 197, 546 A.2d 596, 599 (1988); *see also Commonwealth v. Morales*, 508 Pa. 51, 61, 494 A.2d 367, 372 (1985). Furthermore, without a showing of real potential for prejudice our general policy is to encourage joinder of offenses. *Commonwealth v. Patterson, supra.*

In the case at bar, the statement was adequately redacted and admitted against co-defendant, and there is no reason for us to believe that the trial court considered it for an improper purpose. As noted above, the possibility of prejudice to appellant under these circumstances is minimal. Thus, this claim lacks arguable merit, and we find no ineffectiveness by trial counsel for his failure to request a severance.

Appellant's next contention is that the evidence was insufficient to support his convictions. However, because appellant simply challenges the credibility of a witness, Heriberto Colon, *see* Appellant's Brief at 6–8, and does not explain which elements of which offenses were insufficiently supported by evidence, his claim is more properly characterized as a weight of the evidence challenge. We will address it as such.[6]

In reviewing a weight of the evidence claim we look to see if the "verdict was so contrary to the evidence as to shock one's sense of justice and make the award of a

---

6. Appellant's separate weight of the evidence claim was raised in boilerplate fashion in post-trial motions, and, therefore, it is waived on appeal. *See Commonwealth v. Holmes*, 315 Pa.Super 256, 461 A.2d 1268 (1983) (en banc).

new trial imperative." *Commonwealth v. Hunter*, 381 Pa.Super. 606, 617, 554 A.2d 550, 555 (1989) (citations omitted).[7] The decision whether to grant a new trial is within the trial court's discretion, and we review that decision based upon an abuse of discretion standard. *Id.* Furthermore, since issues of credibility are left to the trier of fact, the trial court, sitting as fact finder, was free to accept all, part, or none of a witness's testimony. *See Commonwealth v. Farquharson*, 467 Pa. 50, 59, 354 A.2d 545, 550 (1976).

 In this case, appellant claims that Heriberto Colon's testimony was "inconsistent" and "unreliable." *See* Appellant's Brief at 7. However, the court's verdict reflects that it chose to credit Mr. Colon's testimony. In addition, we note that the Commonwealth presented other witnesses who also implicated appellant and corroborated, in part, Mr. Colon's testimony on direct examination. *See* N.T. March 13, 1984 at 4–5, 29–32, 59. Therefore, the trial court's determination here is not so contrary to the evidence as to shock our sense of justice.

Appellant's final contention is that the trial court erred in denying a motion for a mistrial when the prosecution told a Commonwealth witness, Miguel Bones, that the court would jail him for refusing to testify.[8] We disagree.

 The decision of the trial court to deny a motion for mistrial will not be disturbed absent an abuse of discretion. *Commonwealth v. Al Hamilton Contracting Co.*,

---

7. We note that a question exists regarding whether appellate courts in this Commonwealth are still able to review a verdict to determine if it is against the weight of the evidence. *See Commonwealth v. Nelson*, 514 Pa. 262, 271–72 n. 3, 523 A.2d 728, 733 n. 3 (1987); *see also Commonwealth v. Wallace*, 522 Pa. 297, 315, 561 A.2d 719, 728 (1989). *But see Commonwealth v. Jenkins*, 396 Pa.Super. 395, 400, 578 A.2d 960, 963 (1990), ("the passing statements of our Supreme Court in *Wallace* and *Nelson* have not resulted in a prohibition of weight of the evidence claims in our appellate courts" and, thus, "an examination of these matters by appellate tribunals still exists.").

8. This claim as argued in appellant's brief is different from what is raised in appellant's Statement of Questions. *Compare* Appellant's Brief at 2, 12–13. Although this claim technically should, therefore, be waived, in the interest of judicial economy, we will address it.

383 Pa.Super. 429, 434, 557 A.2d 15, 18 (1989) (citation omitted), *allocatur denied* 523 Pa. 640, 565 A.2d 1165 (1989); *see also Commonwealth v. Potts*, 314 Pa.Super. 256, 274, 460 A.2d 1127, 1136 (1983). If we deem that the prosecutor's remarks worked to prejudice appellant, i.e. had an adverse effect upon the outcome of the proceedings, we must find an abuse of discretion. *See Commonwealth v. Al Hamilton Contracting Co., supra; see also Commonwealth v. Davis*, 518 Pa. 77, 83, 541 A.2d 315, 318 (1988) (citations omitted).

The record reveals that Mr. Bones refused to answer or acknowledge several of the Commonwealth's questions when he was first called to testify. *See* N.T. March 8, 1984 at 63–64. After the Commonwealth attempted to refresh Mr. Bones's memory, the court called a recess. *See id.* at 68–69, 72. Five days later the questioning resumed. Mr. Bones then testified that, after speaking with the prosecutor over the weekend, his memory was refreshed. *See* N.T. March 13, 1984 at 9. Mr. Bones further testified that during the conversation the district attorney told him that the judge would put him in jail if he did not talk. *See id.* at 12. Appellant's trial counsel later requested a mistrial. *See id.* at 23. The judge denied the motion saying that he *would* have put Mr. Bones in jail if he did not testify. *See id.*

 It is well-settled that a witness's unprivileged refusal to testify is plainly contempt. *Commonwealth v. Tirado*, 487 Pa. 362, 369, 409 A.2d 392, 395 (1979); *Commonwealth v. McDermott*, 377 Pa.Super. 623, 641, 547 A.2d 1236, 1245 (1988). The court's power to punish for contempt includes the infliction of summary punishment, *Commonwealth v. Marcone*, 487 Pa. 572, 579, 410 A.2d 759, 763 (1980), a term of imprisonment, or a fixed fine. *Grubb v. Grubb*, 326 Pa.Super. 218, 223, 473 A.2d 1060, 1062 (1984) (citing *In re Martorano*, 464 Pa. 66, 346 A.2d 22 (1975)).

 As the trial court stated on the record, the prosecutor's statement to Mr. Bones was true. Because the court

could, and apparently, would have jailed Mr. Bones for his refusal to testify, the district attorney's statement to Mr. Bones does not constitute threatening or intimidating behavior. Nor was the statement unfairly prejudicial to appellant. There is no evidence that the prosecutor attempted to coerce Mr. Bones into giving any particular testimony. Indeed, we have found no evidence on the record that the prosecutor's statement to Mr. Bones coerced the witness into changing his testimony in any way. The trial court, therefore, did not abuse its discretion in this regard, and appellant is not entitled to relief on this claim.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.