679 A.2d 1320

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Luz RODRIGUEZ.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Aida RODRIGUEZ.**

Superior Court of Pennsylvania.

Argued March 6, 1996.

Filed June 17, 1996.

Reargument Denied Aug. 30, 1996.

476

Thomas Dolgenos, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

John Belli, Philadelphia, for appellees.

Before DEL SOLE, JOHNSON and CERCONE, JJ.

JOHNSON, Judge.

In these consolidated appeals, the primary question we are asked to resolve is the following: Did the trial court err in reversing its pre-trial denial of a suppression motion upon its post-verdict conclusion that defense counsel had not, as the court initially believed, conceded that the police had not violated the "knock-and-announce" rule? Because we find no error, we affirm the order granting Aida Rodriguez an arrest of judgment and discharge and the order granting Luz Rodriguez a new trial.

On the evening of April 2, 1990, two Philadelphia police officers conducted an undercover surveillance of drug trafficking in the 2900 block of North Ella Street. The officers observed a Hispanic man in a blue jacket engaging in numerous transactions with unknown persons involving exchange of cash for small objects. Another Hispanic man, in a red coat, occasionally received cash from the first man and carried it into a house located at 2928 North Ella Street. On these occasions the man soon returned and gave the first man clear plastic bags containing many small red-capped vials. The officers also observed the man in the red coat on one occasion enter and emerge from a house located at 218 East Indiana Avenue; he again supplied the first man with a bag containing vials upon exiting this house. An undercover policeman purchased two vials from the seller with a traceable ten-dollar bill; the vials contained cocaine.

The evidence thus collected was used as the basis for search warrants for the two involved houses. These warrants were executed at 7:00 p.m. on April 3, 1990. When the police arrived on the block, they immediately saw and arrested the man whom they had observed selling cocaine the day before. They also saw the man in the red coat walking with another man toward 2928 North Ella Street. The officers followed these men and apprehended the man in the red coat at the bottom of the stairs in front of the house. The other man entered the house. Officer Christina Staunton followed this man to the house, knocked on the screen door, and yelled "Police, we have a warrant." She then immediately entered.

Aida Rodriguez was in the kitchen of this house, seated at a table near a large bag containing cocaine and cash including the ten-dollar bill used by the police to purchase cocaine. the night before. Further search of the house yielded a loaded gun. Luz Rodriguez, Aida Rodriguez's sister, was also present in the house when the police entered. When the officers attempted to search her, she indicated to them that she lived at 218 East Indiana Avenue (the other residence for which the police had a search warrant); the officers escorted her to that house and executed the second warrant. This search yielded drug paraphernalia and small quantities of cocaine.

Aida and Luz Rodriguez were arrested and charged with various drug and conspiracy offenses. Both women filed motions to suppress evidence and, following a hearing, the trial judge suppressed certain of Aida Rodriguez's statements to police but refused to suppress physical evidence gathered in the search of 2928 North Ella Street. The court did not make formal findings of fact or conclusions of law. The women were brought to trial before a jury as co-defendants on February 13, 1993. After trial, Aida Rodriguez was convicted of possession of a controlled substance with intent to deliver and criminal conspiracy. Luz Rodriguez was convicted of possession of a controlled substance with intent to deliver and possession of drug paraphernalia.

The Rodriguez sisters filed post-trial motions requesting arrest of judgment and acquittal or a new trial based upon alleged errors in the suppression proceeding. The trial court granted these motions after review of "testimony and arguments," Trial Court Opinion, dated March 27, 1995, at 2, concluding that defense counsel had not, as the court had initially believed, conceded the issue of whether the police had complied with Criminal Rule of Procedure 2007 (requiring the officers to "knock and announce") in their search of 2928 North Ella Street. The court analyzed the substance of the suppression issue for the first time in considering and granting the post-trial motions, and concluded that physical evidence gathered at 2928 North Ella Street should have been suppressed as the fruit of an unlawful search. The court

discharged Aida Rodriguez because it ruled that suppression of the evidence eliminated the possibility of establishing her guilt beyond a reasonable doubt. Luz Rodriguez was granted a new trial because of the court's rulings that: (1) the inadmissible evidence gathered from 2928 North Ella Street might have influenced the jury with regard to her culpability and (2) the court's charge to the jury with regard to the concept of joint possession was erroneous and potentially prejudicial. This appeal followed.

We note initially that the instant appeal requires us to review the *reversal* of the denial of Aida Rodriguez's suppression motion. The Commonwealth is thus incorrect in its assertion, *see* Brief of Appellant at 4, that the standard of review applicable to this appeal is the standard governing review of a denial of a suppression motion. As discussed *infra*, this appeal involves a situation where the trial court, in the interests of justice, returned at the post-verdict motion stage to a prior point where it had committed legal error. The trial court corrected this error by considering relevant facts and reversing its erroneous denial of the suppression motion. Our review must reflect the character of the action taken below; we therefore review for abuse of discretion in the decision to revisit the suppression issue, *see infra*, and review the reversal itself as though it were a grant of the motion to suppress evidence. This review is accomplished by determining "whether the record supports the factual findings of the court below and the legitimacy of the inferences and legal conclusions drawn from those findings." *Commonwealth v. Davis*, 491 Pa. 363, 368, 421 A.2d 179, 181 (1980), quoting *Commonwealth v. Brown*, 473 Pa. 562, 566, 375 A.2d 1260, 1262 (1977). In making this determination,

> we consider only the evidence of the defendant's witnesses and the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted.

*Commonwealth v. Pickron*, 535 Pa. 241, 246, 634 A.2d 1093, 1096 (1993).

480

The Commonwealth advances the following three contentions on appeal: (1) The trial court erred in reassessing the evidence post-verdict without regarding itself as bound by its prior factual determinations; (2) The court erred in determining that the police entry into 2928 North Ella Street violated the "knock-and-announce" rule; (3) Regardless of the propriety of the search of 2928 North Ella Street, Luz Rodriguez is not entitled to the relief granted because she had no legitimate expectation of privacy in that residence.

The Commonwealth's first contention is without merit. We first note that the trial court's reversal of its initial conclusion that the Rodriguezes had conceded the lawfulness of the entry into 2928 North Ella Street is supported by the record. *See* N.T., February 19, 1993, at 47, 55–56. Furthermore, while the Commonwealth is correct that the trial court would be bound at the post-verdict review stage by its own prior findings of fact, *see, e.g., Commonwealth v. Johnson,* 428 Pa.Super. 494, 500–02, 631 A.2d 639, 643 (1993) (*en banc*), the suppression court in the instant case made no factual findings concerning the Rodriguezes' claim that the police entry into 2928 North Ella Street was unlawful. The suppression court did not reach this issue because it determined that the issue was conceded as a matter of law. *See* Trial Court Opinion, *supra,* at 2. Reversal for error in the legal conclusions of a suppression court is the responsibility of the reviewing court. *See Commonwealth v. Rosario,* 438 Pa.Super. 241, 652 A.2d 354 (1994). The errant legal conclusion that a concession had occurred is precisely the sort of error the trial court may consider at the post-verdict motion stage. *See Commonwealth v. Monarch,* 510 Pa. 138, 148, 507 A.2d 74, 79 (1986)("[W]here the suppression ruling is not supported by the record of the suppression proceeding, it is perfectly appropriate for the court, on post-verdict motions, to reverse its earlier suppression ruling."). The post-trial factual determinations the trial court made in suppressing evidence gathered at 2928 North Ella Street were not reassessments of the evidence, but were instead initial assessments required by the reversal of a legal conclusion.

The Commonwealth's second contention, that the trial court erred in concluding that the police violated the "knock-and-announce" rule at 2928 North Ella Street, was comprehensively discussed and adequately resolved by the Opinion of the trial court. After review of that Opinion, the record, the briefs of the parties, and the applicable law, we affirm the trial court's ruling on this issue on the basis of its Opinion, dated March 27, 1995, at 2–6.

■■ Finally, the Commonwealth contends that even if the trial court was not bound by its initial suppression ruling and even if the search of 2928 North Ella Street was unlawful, Luz Rodriguez is not entitled to suppression of evidence seized there because she possessed no legitimate expectation of privacy in her sister's home. Such expectation is required for the assertion of a basis for suppression (on the grounds of an unlawful search or seizure) under the constitutions of the United States, *see Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), and Pennsylvania, *see Commonwealth v. Peterson*, 535 Pa. 492, 636 A.2d 615 (1993).

Regarding this contention, we first note that there is no indication in either the orders appealed from or in the trial court opinion that the trial court granted Luz Rodriguez a new trial on the grounds that the evidence seized from 2928 North Ella Street should have been suppressed *as to her*. The trial court ruled instead that that evidence should have been suppressed as to Aida Rodriguez, Luz's sister and co-defendant. Luz Rodriguez was found guilty as "a joint possessor of the drugs found at Ella Street," Trial Court Opinion, *supra*, at 1, as a possessor of drug paraphernalia found at 218 Indiana Avenue, and as a possessor with intent to deliver regarding drugs seized from the Indiana Avenue residence. The trial court's grant of a new trial is supportable on the grounds that (1) the erroneous failure to suppress the 2928 North Ella Street evidence *as to Aida* had an obviously material and possibly extremely prejudicial effect on the resolution of the related joint possession charge against Luz Rodriguez, Aida's co-defendant; and (2) as the trial court noted, "it cannot be said that the [inadmissible] evidence did not influence or

prejudice the jury ... and lead to the guilty verdict as to the contraband and paraphernalia found *at Indiana Avenue.*" *Id.* at 8 (emphasis added). These circumstances are unaffected by the validity of an unlawful search and seizure claim regarding 2928 North Ella Street *as to Luz Rodriguez.* Furthermore, the trial court noted in its opinion that its charge to the jury on joint possession was so confusing as to warrant a new trial for Luz Rodriguez. Trial Court Opinion, *supra,* at 9. While the Commonwealth appears to claim that this was error, *see* Brief of Appellant at 28 n. 11, it fails to provide a fully developed argument on this point, relying instead on unsupported assertions and the conclusion that "the sole issue is ... whether *all* of the evidence was properly admitted against Luz Rodriguez." *Id.* We therefore deem any such claim to be waived. *Commonwealth v. Montalvo,* 434 Pa.Super. 14, 641 A.2d 1176 (1994).

■ The decision to grant a new trial is within the trial court's discretion, and will not be reversed unless it represents an abuse of discretion. *Commonwealth v. Pirela,* 398 Pa.Super. 76, 580 A.2d 848, *appeal denied,* 527 Pa. 672, 594 A.2d 658 (1991). Based upon the above analysis, we cannot find that the trial court abused its discretion in ordering a new trial to serve the ends of justice in this case. *See generally Commonwealth v. Sindel,* 205 Pa.Super. 355, 208 A.2d 894 (1965).

■ Even if the above analysis did not govern this case, however, the grant of a new trial would be proper on the grounds that Luz Rodriguez was entitled to object to the search of 2928 North Ella Street. While "an occupant other than the owner ... [of a home must] demonstrate a significant and current interest in the searched premises in order to establish an expectation of privacy," *United States v. Garcia,* 741 F.2d 363, 366 (11th Cir.1984), "a defendant who is more than a casual visitor to the ... dwelling in which illegal drugs have been seized has the right under the Fourth Amendment to the United States Constitution ... to challenge the search and seizure of the illegal drugs which he is accused of possessing." *State v. Adkins,* 176 W.Va. 613, 616, 346 S.E.2d 762,

765–66 (1986); *see also United States v. Sangineto–Miranda,* 859 F.2d 1501, 1510 (6th Cir.1988); *United States v. Echegoyen,* 799 F.2d 1271, 1277 (9th Cir.1986).

Since the merits of an objection to the search of 2928 North Ella Street by Luz Rodriguez were not examined below, there is not a detailed record relevant to such a claim on appeal. We can, however, discern from the record the close familial relationship between Luz Rodridguez and the owner of the searched home (her sister and co-defendant Aida), the fact that Luz was legitimately on the premises when the relevant search occurred, and the fact that Luz was charged with possessory offenses related to the evidence seized in that search. While not individually dispositive under *Rakas,* these considerations militate in favor of an objection by Luz Rodriguez to the search of her sister's home. *See Commonwealth v. Evans,* 488 Pa. 38, 40, 410 A.2d 1213, 1215 (1979)(finding that overnight guest had legitimate expectation of privacy in host's apartment); *Commonwealth v. Rowe,* 433 Pa. 14, 249 A.2d 911 (1969)(finding that defendant had reasonable expectation of privacy in home of co-defendant's father); *Commonwealth v. Govens,* 429 Pa.Super. 464, 632 A.2d 1316 (1993), appeal denied, 539 Pa. 675, 652 A.2d 1321 (1994). The case of *Commonwealth v. Weeden,* 457 Pa. 436, 322 A.2d 343 (1974), *cert. denied,* 420 U.S. 937, 95 S.Ct. 1147, 43 L.Ed.2d 414 (1975), is also instructive. In that case, our supreme court affirmed an individual's standing to object to the search of his co-defendant's fiancee's home where marijuana found in that home linked the individual to a murder via a robbery of, among other things, the marijuana. The court reasoned as follows:

> The prosecution by challenging the appellant['s] standing at the suppression hearing was asserting a position contrary to its position at trial. Appellant could have expressly claimed an interest in the marijuana during the suppression hearing and been protected from use of his admission at trial. *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). But if no robbery took place, as he

contended, and he had no possessory interest in the marijuana, he would have had to perjure himself to obtain standing. Under these circumstances, the prosecution cannot challenge [appellant's] standing by claiming he had no interest in the marijuana.

*Weeden, supra,* at 450–51, 322 A.2d at 351. Similarly, in this case the prosecution maintained that Luz Rodriguez had joint possession and dominion of the drugs at North Ella Street; indeed, that she and her sister controlled the drugs and contraband there as part of a drug-dealing scheme. Such a circumstance, if true, would militate strongly in favor of Luz Rodriguez's objection to the search of her sister's home. *See Govens, supra,* at 471–72, 632 A.2d at 1319 (finding nothing to support claim that defendant lacked standing under *Rakas* to challenge search where defendant "was present when the police entered ... had been engaged in selling cocaine from the apartment and ... apparently had dominion and control over the apartment as well as the cocaine and other evidence that was seized."). Of course, if Luz Rodriguez did not have such dominion and control, any assertion of standing on her part would be weakened. *That* circumstance, however, would also be inconsistent with the prosecution's substantive position. *Weeden* was decided before *Rakas,* but *Rakas* does not alter the status of the factors present in the instant case as indicia of a legitimate interest in the privacy of searched premises. While no bright line demarcates the set of cases involving legitimate expectations of privacy, there seems little doubt on this record that Luz Rodriguez had such expectations in the home of her sister in this case. This analysis provides an independent reason to affirm the trial court's grant of a new trial to Luz Rodriguez based upon suppression of the evidence taken from 2928 North Ella Street.

Based on the foregoing, we affirm the order granting Aida Rodriguez an arrest of judgment and discharge and the order granting Luz Rodriguez a new trial.

Orders **AFFIRMED.**