639 A.2d 1213

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**CSX TRANSPORTATION, INC., Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 5, 1993.

Filed April 7, 1994.

66

Emily Smarto, Asst. Dist. Atty., Greensburg, for Com., appellant.

James Becker, Philadelphia, for appellee.

Before CAVANAUGH, KELLY and BROSKY, JJ.

KELLY, Judge:

In this appeal, we must determine if the Pennsylvania Superior Court is the proper appellate court to review a trial court's decision concerning a regulatory statute which imposes criminal penalties. We hold that the Commonwealth Court is the proper appellate court to review a trial court's decision regarding a regulatory statute even when the statute imposes criminal penalties. Thus, we transfer this appeal to the Commonwealth Court.

The facts of the instant appeal are as follows. Appellee, CSX Transportation, Inc. (CSXT), is a corporation doing business in this Commonwealth as a railroad carrier service. On or about August 23, 1989, a CSXT train was travelling on its tracks along the Youghiogheny River in South Huntingdon Township, Westmoreland County. As a direct result of heavy rainfall and flooding, a portion of the tracks was washed out from under the train, causing the train to derail. Some of the cars rolled down an embankment, two of the cars were damaged to the extent that some of their contents seeped into

the Youghiogheny River. The Pennsylvania Fish Commission caused the District Attorney of Westmoreland County to file a charge of pollution of waters under 30 Pa.C.S.A. § 2504 against CSXT.

On June 18, 1992, CSXT filed an omnibus pre-trial motion for relief which included a motion to quash the criminal information. On October 21, 1992, the Honorable Richard E. McCormick granted CSXT's motion to quash and dismiss the information. This timely appeal follows.

Appellant raises the following issues on appeal:

I. DID THE LOWER COURT ERR IN APPLYING THE REQUIREMENTS OF 18 Pa.C.S. 3301 REQUIRE-MENT OF VOLUNTARY ACT) [sic] TO A PROVISION OF THE FISH AND BOAT CODE, 30 Pa.C.S.A. § 2504(a)(2) (POLLUTION OF WATERS) WHEN THE LATTER IS AN ABSOLUTE LIABILITY STATUTE WHICH TRIGGERS THE APPLICABILITY OF 18 Pa.C.S. § 305 (LIMITATIONS ON SCOPE OF CULPA-BILITY REQUIREMENTS)?

II. WHETHER 30 Pa.C.S. § 2504(a)(2) OF THE FISH AND BOAT CODE (POLLUTION OF WATERS) IS A STATUTORY PROVISION THAT IS WITHIN THE PARAMETERS OF THE DUE PROCESS PROTECTIONS OF THE UNITED STATES AND PENNSYLVANIA CONSTITUTION?

Appellant's Brief at 3.

Before we can reach the merits of an appeal, we must first ascertain whether retention of jurisdiction is appropriate. Even when neither party has raised the issue of jurisdiction, this Court may, *sua sponte,* determine whether retention of jurisdiction is appropriate, or whether the matter should be transferred to the Commonwealth Court. *See Wilson v. School District of Philadelphia,* 410 Pa.Super. 416, 600 A.2d 210 (1991).

Pursuant to 42 Pa.C.S.A. § 762 (appeals from courts of common pleas), the Commonwealth Court has exclusive juris-

diction of the instant appeal. Section 762 of 42 Pa.C.S.A. states in pertinent part:

(a) General rule.—Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the court of common pleas in the following cases:

\*　\*　\*　\*　\*　\*

(2) Governmental and Commonwealth regulatory criminal cases.—All criminal actions or proceedings for the violation of any:

\*　\*　\*　\*　\*　\*

(ii) Regulatory statute administered by any Commonwealth agency subject to Subchapter A of Chapter 5 of Title 2 (relating to practice and procedure of Commonwealth agencies). The term "regulatory statute" as used in this sub-paragraph does not include any provision of Title 18 (relating to crimes and offenses).

 The term "regulatory statute" is not expressly defined in 42 Pa.C.S.A. § 762. Generally, a "regulatory statute" is the result of the exercise of the state's police power to enact regulations to promote the public health, morals or safety, and the general well-being of the community. *Commonwealth v. Harmar Coal Co.*, 452 Pa. 77, 92, 306 A.2d 308, 316 (1973), *appeal dismissed*, 415 U.S. 903, 94 S.Ct. 1395, 39 L.Ed.2d 460 (1974).

 The Pennsylvania Fish and Boat Commission ("Commission") was established to encourage, promote, develop, and protect fishing interests. 30 Pa.C.S.A. § 2101. The Commission is authorized to promulgate rules and regulations to aid in the better protection, preservation, and management of fish. 30 Pa.C.S.A. § 2102. The Commission is an independent governmental commission. 30 Pa.C.S.A. § 301(a). The Commission is considered an independent agency and a "Commonwealth Agency" for the purposes of Subchapter A of Chapter 5 of Title 2 (relating to practice and procedure of Commonwealth agencies.) *See* 2 Pa.C.S.A. § 101 (relating to defini-

tions of agencies). The legislature enacted 30 Pa.C.S.A. § 2501 *et seq.* to protect waters and property adjacent to or contiguous to waters. It is clear from the purposes of the Fish and Boat Commission enabling legislation and the Fish and Boat Code that 30 Pa.C.S.A. § 2504 is a "regulatory statute" within the meaning of 42 Pa.C.S.A. § 762.

Although 30 Pa.C.S.A. § 2504 provides for the imposition of criminal penalties, the Commonwealth Court has jurisdiction. In *Commonwealth v. Tyson,* 57 Pa.Cmwlth. 569, 427 A.2d 283 (1981), the court construed the Clean Streams Law, 35 P.S. § 691.1 *et seq.* as a "regulatory statute" within the meaning of 42 Pa.C.S.A. § 762. The Commonwealth Court held that the imposition of criminal penalties did not change the statute's overall character as a statute regulating certain conduct within the state. *Id.* at 569, 427 A.2d at 286. Therefore, the Commonwealth Court concluded that it had appellate jurisdiction of the appeal.

Presently, 30 Pa.C.S.A. § 2504 is a regulatory statute. The imposition of criminal penalties does not change the statute's overall character as a statute regulating certain conduct within the state. Therefore, in light of the purpose of the Fish and Boat Code and the application of 42 Pa.C.S.A. § 762, the instant appeal properly belongs in the Commonwealth Court.

Because this appeal presents a novel issue involving the interpretation of a regulatory statute, it should be decided by the appellate court which has been granted exclusive appellate jurisdiction over such matters.[1] Therefore, we transfer this case to the Commonwealth Court, pursuant to 42 Pa.C.S.A. § 5103 and Pa.R.A.P. 751.[2]

Appeal transferred to the Commonwealth Court.

1. Transferring this case to the Commonwealth Court would not put appellant out of court for filing an untimely appeal. The appeal would be treated by the Commonwealth Court as if it were filed on October 5, 1993, the day the appeal was filed in this Court. *See* 42 Pa.C.S.A. § 5103; Pa.R.A.P. 751.

2. We note that while this Court has affirmed the judgment of sentence issued in a case involving the violation of a regulatory statute, *see Commonwealth v. Al Hamilton Contracting Co.,* 383 Pa.Super. 429, 557 A.2d 15 (1989), the issue of jurisdiction was not discussed.