**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Ronald Edward REED, Appellant.**

Superior Court of Pennsylvania.

Argued March 18, 1997.

Filed June 23, 1997.

Gerard E. Grealish, Scranton, for appellant.

Peter Paul Olszewski, Jr., Dist. Atty., and Frank Barletta, Asst. Dist. Atty., Wilkes–Barre, for Com., appellee.

Before CAVANAUGH, HUDOCK and HESTER, JJ.

HUDOCK, Judge:

This is an appeal from the judgment of sentence entered after Appellant was convicted of failing to render assistance after incidents.[1] The trial court imposed, as its sentence, a $2,000 fine, a ten-year forfeiture of Appellant's hunting license, court costs, and

1. 34 Pa.C.S.A. § 2523(a).

restitution to be determined by the Luzerne County Adult Probation Department. Appellant timely filed a notice of appeal. We hold that Commonwealth Court is the proper appellate court to review the trial court's decision concerning this regulatory statute which imposes criminal penalties. Thus, we transfer this appeal to the Commonwealth Court.

This case involves a hunting accident in which the victim, John Voytko, was seriously injured by a gunshot wound in the back. Appellant, who was in the general vicinity at the time of the shooting, was charged and, after a jury trial, convicted of failing to render assistance after incidents, pursuant to section 2523(a) of the Game and Wildlife Code. 34 Pa.C.S.A. § 2523. The criminal complaint alleged that Appellant shot the victim and, thereafter, knowing the victim was wounded, failed to render assistance. After sentencing, Appellant filed a notice of appeal asserting multiple errors at trial. Specifically, Appellant raises the following issues:

[A.] Whether [Appellant's] motion for mistrial should have been granted when the trial court improperly mischaracterized the evidence before the jury.

[B.] Whether the trial court erred by sustaining the Commonwealth's objections to the defense's questioning of the victim in regard to a civil suit he was pursuing against [Appellant].

[C.] Whether the trial court erred by not allowing into evidence medical reports which reflected prior inconsistent statements of the victim, especially when the admissibility of those medical records had been stipulated to by the defense and the Commonwealth.

[D.] Whether the trial court erred by not instructing the jury that they should distinguish in their guilty verdict whether they found [Appellant] guilty of the statute subdivision which is a misdemeanor of the second degree or the [subdivision] which is a summary offense.

[E.] Whether the trial court erred in sentencing [Appellant] to a misdemeanor of the second degree rather than a summary offense when the jury did not specify what statute subdivision they had found [Appellant] guilty of.

[F.] Whether the evidence at trial was sufficient to prove beyond a reasonable doubt that [Appellant] was guilty of failure to render assistance after a hunting accident.

Appellant's Brief at 6.

■ Before we can reach the merits of this appeal, we must first ascertain whether retention of jurisdiction is appropriate. "Even when neither party has raised the issue of jurisdiction, this Court may, *sua sponte*, determine whether retention of jurisdiction is appropriate, or whether the matter should be transferred to the Commonwealth Court." *Commonwealth v. CSX Transportation, Inc.*, 433 Pa.Super. 65, 67, 639 A.2d 1213, 1214 (1994) (citing *Wilson v. School District of Philadelphia*, 410 Pa.Super. 416, 600 A.2d 210 (1991)).

Pursuant to section 762 of the Judicial Code, the Commonwealth Court has exclusive jurisdiction over this appeal. 42 Pa. C.S.A. § 762. Section 762 states, in pertinent part, that:

(a) **General rule.**—Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

\* \* \* \* \* \*

(2) Governmental and Commonwealth regulatory criminal cases.—All criminal actions or proceedings for the violation of any:

(i) Rule, regulation or order of any Commonwealth agency,

(ii) Regulatory statute administered by any Commonwealth agency subject to Subchapter A of Chapter 5 of Title 2 (relating to practice and procedure of Commonwealth agencies). The term "regulatory statute" as used in this subparagraph does not include any provision of Title 18 (relating to crimes and offenses).

42 Pa.C.S.A. § 762(a)(2). The term "regulatory statute" is not defined in section 762. However, this Court has held that "[g]eneral-

ly, a 'regulatory statute' is the result of the exercise of the state's police power to enact regulations to promote the public health, morals or safety, and the general well-being of the community." *CSX Transportation,* 639 A.2d at 1214 (citation omitted).

The Pennsylvania Game Commission (Commission) was established "to protect, propagate, manage and preserve the game or wildlife of this Commonwealth and to enforce, by proper actions and proceedings, the laws of this Commonwealth relating thereto." 34 Pa.C.S.A. § 322(a). In addition, "[t]he Commission has the power and duty to take all actions necessary for the administration and enforcement of this title." 42 Pa.C.S.A. § 322(b). The legislature has provided that the Commission is an independent agency of the Commonwealth, 34 Pa.C.S.A. section 103(a), and is thus a "Commonwealth Agency" for the purposes of Subchapter A of Chapter 5 of Title 2 (relating to practice and procedure of Commonwealth agencies). *See CSX Transportation,* 639 A.2d at 1214. Because the legislature empowered the Commission to protect, propagate, manage and preserve the game or wildlife of the Commonwealth, it is clear that section 2523(a) is a regulatory statute within the meaning of section 762 of the Judicial Code.

We have held that even though a regulatory statute may imposes criminal penalties, the Commonwealth Court retains jurisdiction. *Id.* In addition, the Commonwealth Court has held that a regulatory statute which imposes criminal penalties did not change its overall character as a statute regulating certain conduct within the Commonwealth. *See Commonwealth v. Tyson,* 57 Pa.Commw. 569, 573–76, 427 A.2d 283, 286 (1981).

In the instant case, 34 Pa.C.S.A. section 2523 is a regulatory statute. The imposition of criminal penalties neither changes the statute's overall character nor loses its classification as a regulatory statute. As we have held before, "in light of the purpose of the [Game and Wildlife] Code and the application of 42 Pa.C.S.A. [section] 762, the instant appeal properly belongs in the Commonwealth Court." *CSX Transportation,* 639 A.2d at 1215.

The interpretation of this particular statute is of first impression to the courts of this Commonwealth. Therefore, this case should be addressed by the court which has exclusive jurisdiction to entertain it. Therefore, we transfer the instant appeal to the Commonwealth Court.

Appeal transferred to the Commonwealth Court.