J-A10008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY TYRONE DAVIS | |
| Appellant | No. 1404 MDA 2014 |

Appeal from the PCRA Order August 5, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000128-1994

BEFORE: GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED APRIL 09, 2015**

Appellant, Anthony Tyrone Davis, appeals from the order entered in the Lancaster County Court of Common Pleas, dismissing his *pro se* filings, which the court treated as petitions brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We transfer the matter to the Commonwealth Court.

The relevant facts and procedural history of this case are as follows. On September 23, 1994, a jury convicted Appellant of rape, aggravated indecent assault, and tampering with evidence at No. 128 of 1994 in Lancaster County. On November 8, 1994, the court sentenced Appellant to an aggregate term of six (6) to twenty (20) years' imprisonment. The court also gave Appellant credit for three hundred ninety-six (396) days of time

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

served. Appellant timely filed post-sentence motions on November 15, 1994, which the court denied on December 5, 1994. Appellant did not file a notice of appeal.

On July 25, 1997, Appellant filed his first *pro se* PCRA petition. The court appointed counsel, who filed a request to withdraw and "no-merit" letter pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). On February 3, 1998, the court issued notice of its intent to dismiss the petition without a hearing. Appellant filed a *pro se* response to the notice. The court, however, permitted PCRA counsel to withdraw and dismissed as untimely Appellant's petition on February 12, 1998. Between 2001 and 2008, Appellant filed several unsuccessful *pro se* motions and petitions attacking the convictions and sentence.

On March 8, 2002, while incarcerated at SCI-Dallas in Luzerne County, Appellant assaulted several prison employees. On May 3, 2004, a jury convicted Appellant of three (3) counts of aggravated assault at No. 1594 of 2002 in Luzerne County. Appellant immediately proceeded to sentencing, and the court imposed an aggregate sentence of one hundred thirty-five (135) to two hundred seventy (270) months' imprisonment, to run consecutive to Appellant's sentence at No. 128 of 1994. This Court affirmed the Luzerne County judgment of sentence on May 27, 2005, and Appellant did not seek further review.

In March 2014, Appellant sent two *pro se* filings to the Lancaster County Court of Common Pleas.[2]  The filings, styled as a motion to compel action and motion for order, complained that the Department of Corrections ("DOC") continued to incarcerate Appellant on his sentence for No. 128 of 1994, even though the maximum term of that sentence had expired. Appellant requested an order granting his immediate discharge.  Appellant also asked the court to order the DOC to remove No. 128 of 1994 from Appellant's "status-sheet summary reports, and that case [No.] 128 of 1994 be closed out, and removed from the files and case docket."  (Motion to Compel Action, filed 3/4/14, at 1).

The court treated the *pro se* filings as PCRA petitions.  On March 21, 2014, the court issued notice of its intent to dismiss the petitions without a hearing, per Pa.R.Crim.P. 907.  Appellant responded with additional *pro se* filings, including a petition for a writ of *habeas corpus*, arguing he was being illegally detained on the sentence at No. 128 of 1994.  On August 5, 2014, the court entered the following order:

> AND NOW, this 5th day of August, 2014, [Appellant's] collective filings, which the [c]ourt treated as motions for [PCRA] relief, are dismissed for lack of jurisdiction. [Appellant's] requests for appointment of counsel and his trial transcripts at no cost are denied.

---

[2] Pursuant to the prisoner mailbox rule, a document is considered filed on the date the appellant delivered it to prison authorities for mailing. **Commonwealth v. Castro**, 766 A.2d 1283 (Pa.Super. 2001).  Here, the postmarks attached to Appellant's *pro se* filings are dated March 4, 2014.

(Order, filed 8/5/14, at 1). Appellant timely filed a *pro se* notice of appeal on August 14, 2014. The court did not order Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).

Preliminarily, we address this Court's jurisdiction. "Even when neither party has raised the issue of jurisdiction, this Court may, *sua sponte*, determine whether retention of jurisdiction is appropriate, or whether the matter should be transferred to the Commonwealth Court." **Commonwealth v. Reed**, 696 A.2d 199, 200 (Pa.Super. 1997) (quoting **Commonwealth v. CSX Transportation, Inc.**, 639 A.2d 1213, 1214 (Pa.Super. 1994)).

Any petition for post-conviction collateral relief is generally considered a PCRA petition, although it might be captioned as a request for *habeas corpus* relief, if the petition raises issues for which the relief sought is the kind available under the PCRA. **See generally Commonwealth v. Fahy**, 558 Pa. 313, 737 A.2d 214 (1999); **Commonwealth v. Lantzy**, 558 Pa. 214, 736 A.2d 564 (1999); **Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998). **See also Commonwealth v. Weimer**, 756 A.2d 684, 685-86 (Pa.Super. 2000), *appeal denied*, 564 Pa. 695, 764 A.2d 50 (2000) (explaining *pro se* post-conviction petitions couched in terms of legality of sentence actually seek relief available under PCRA). The writ of *habeas corpus*, however, continues to exist as a separate remedy only if the claim raised is not cognizable under the PCRA. **Peterkin, supra** at 552, 722 A.2d

- 4 -

at 640. "The writ of *habeas corpus* is used to determine whether a petitioner is entitled to an immediate release from an unlawful confinement." ***Commonwealth ex rel. Powell v. Rosenberry***, 645 A.2d 1328, 1330 (Pa.Super. 1994).

"[I]f an alleged sentencing error is thought to be the result of an **erroneous computation** of sentence by the Bureau of Corrections, the appropriate recourse would be an original action in the Commonwealth Court challenging the Bureau's computation." ***Commonwealth v. Hollawell***, 604 A.2d 723, 725 (Pa.Super. 1992) (emphasis in original). Additionally, "the proper method by which a prisoner could challenge the [DOC's] aggregation of his sentences [is] through a *mandamus* action." ***Gillespie v. Commonwealth, Dept. of Corrections***, 527 A.2d 1061, 1064 (Pa.Cmwlth. 1987), *appeal denied*, 518 Pa. 614, 540 A.2d 535 (1988).

Instantly, regardless of how Appellant styled his filings, his claims did not challenge the validity of his convictions or the legality of his sentence. Rather, Appellant challenged the DOC's ability to continue to incarcerate him on the sentence for No. 128 of 1994. Appellant's brief includes a letter from the DOC, explaining that the Lancaster County sentence at No. 128 of 1994 automatically aggregated with the Luzerne County sentence at No. 1594 of 2002, because the Luzerne County Court of Common Pleas ordered the sentences to run consecutive to each other. *See* 42 Pa.C.S.A. § 9757 (stating: "Whenever the court determines that a sentence should be served

consecutively to one…previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed"). **See also Gillespie, supra** (explaining Section 9757 applies to sentences imposed at different times by different courts; therefore, DOC correctly aggregated inmate's Centre and Luzerne County sentences into single sentence).

Like the inmate in **Gillespie**, Appellant effectively challenges the DOC's authority to aggregate his Lancaster and Luzerne County sentences. This Court does not have jurisdiction to entertain Appellant's claim. As argued, Appellant's claim should be raised initially before the Commonwealth Court. **See Hollawell, supra**. **See also Gillespie, supra** (holding Commonwealth Court has original jurisdiction over filing, although styled as *habeas corpus* petition, which sought judicial determination regarding completion of sentence; petition did not challenge legality of initial or subsequent sentences or imposition of consecutive sentences; rather, petition challenged aggregation of sentences by DOC). Accordingly, we transfer this matter to Commonwealth Court for appropriate disposition.

Case transferred to Commonwealth Court. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/2015

- 6 -