J. S58033/18

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 537 WDA 2018 |
| | : | |
| KEITH ROBERT LASKOVICH | : | |

Appeal from the Suppression Order, March 19, 2018,
in the Court of Common Pleas of Elk County
Criminal Division at No. CP-24-SA-0000005-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 538 WDA 2018 |
| | : | |
| KEITH ROBERT LASKOVICH | : | |

Appeal from the Order, March 19, 2018,
in the Court of Common Pleas of Elk County
Criminal Division at No. CP-24-SA-0000006-2017

BEFORE:  OLSON, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:    FILED OCTOBER 11, 2018

The Commonwealth appeals[1] from the March 19, 2018 order granting

appellee, Keith Robert Laskovich's omnibus pre-trial motion to suppress

---

[1] The Commonwealth certified, pursuant to Pa.R.A.P. 311(d), that the trial court's March 19, 2018 order will terminate or substantially handicap the prosecution.

evidence obtained following the warrantless seizure of a wildlife trail camera located on his property by Pennsylvania Game Commission Wildlife Conservation Officer Jason W. Wagner. Magisterial District Judge Mark S. Jacob found appellee guilty of violating Section 2102(c)[2] of the Pennsylvania Game and Wildlife Code, 34 Pa.C.S.A. §§ 101 et seq. Following the filing of a summary appeal, the trial court granted the motion to suppress.

In Commonwealth v. Reed, 696 A.2d 199, 200 (Pa.Super. 1997), a panel of this court concluded that the Pennsylvania Game and Wildlife Code is a regulatory statute within the meaning of 42 Pa.C.S.A. § 762(a)(2). Pursuant to Section 762(a)(2), the Commonwealth Court has exclusive jurisdiction of appeals in "Governmental and Commonwealth regulatory criminal cases," which are defined to include all criminal actions or proceedings for the violation of any "[r]ule, regulation or order of any Commonwealth Agency," or any "[r]regulatory statute administered by any Commonwealth agency." 42 Pa.C.S.A. § 762(a)(2). This court has

---

[2] This section provides as follows:

> (c) Transportation, sale and disturbance of game or wildlife.--The commission shall promulgate regulations concerning the transportation, introduction into the wild, importation, exportation, sale, offering for sale or purchase of game or wildlife or the disturbing of game or wildlife in their natural habitat.

34 Pa.C.S.A. § 2102(c).

repeatedly recognized that "[t]he Commonwealth Court of Pennsylvania is conferred with jurisdiction over appeals from criminal prosecutions brought pursuant to the Game and Wildlife Code." Commonwealth v. Gosselin, 861 A.2d 996, 999 n.2 (Pa.Super. 2004) (citations omitted); see also Commonwealth v. Buck, 618 A.2d 1047, 1048 n.3 (Pa.Super. 1993) (stating, "the Pennsylvania Commonwealth Court possesses appellate jurisdiction over criminal proceedings stemming from violations of regulatory statutes administered by Commonwealth agencies and has in the past heard appeals from criminal convictions under the Game and Wildlife Code") (citation omitted). The Reed court further noted that even though a regulatory statute may impose criminal penalties, the Commonwealth Court retains jurisdiction over such matters. Reed, 696 A.2d at 201 (citation omitted; emphasis added). The Commonwealth acknowledges as much in its brief to this court, averring that it "elected to file the present appeal with the Pennsylvania Superior Court as oppose[d] to the Pennsylvania Commonwealth Court despite the arresting agency being the Pennsylvania Game Commission[.]" (Commonwealth's brief at 1-2.)

Based on the foregoing, we find that this appeal properly falls within purview of the Commonwealth Court's jurisdiction. Accordingly, we transfer this case to the Commonwealth Court.

Appeal transferred to the Commonwealth Court.

J. S58033/18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2018