J-S32033-21
J-S32034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RONALD P. WARE | : | |
| | : | |
| Appellant | : | No. 90 WDA 2021 |

Appeal from the Order Entered December 15, 2020
In the Court of Common Pleas of Somerset County Criminal Division at
No(s): CP-56-SA-0000028-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JODY L. WARE | : | |
| | : | |
| Appellant | : | No. 91 WDA 2021 |

Appeal from the Order Entered December 15, 2020
In the Court of Common Pleas of Somerset County Criminal Division at
No(s): CP-56-SA-0000029-2020

BEFORE: LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED: NOVEMBER 19, 2021**

Jody L. Ware ("Jody") and his father, Ronald P. Ware ("Ronald")

(collectively, "Appellants"), appeal from the Order denying and dismissing

their Petition to permit their summary appeal, *nunc pro tunc*.[1]  We transfer

this case to the Commonwealth Court.

In its Opinion the trial court set forth the following factual findings:

On December 6, 2019, [Shawn Barron ("Warden Barron"), a State Game Warden for the Pennsylvania Game Commission,] charged [Appellants] with one charge each of unlawful taking or possession of game or wildlife, shooting into/through safety zone, hunting or taking game or wildlife with a vehicle, and shooting at game or wildlife within 25 yards of a highway.[2]  As seen by the [c]ourt in the body camera footage, upon citing [Jody, Warden Barron] informed [Jody] that he could either plead guilty or not guilty.  Warden Barron then stated, "If you plead guilty, pay your fine, it's done and over with.  If you plead not guilty, you're set for a hearing."  When Warden Barron encountered [Ronald] a few minutes later, Warden Barron also informed him that he could either plead guilty or not guilty. Warden Barron stated[,] "If you plead guilty, you get payment on your fines, everything is done and over with.  If you plead not guilty, you're scheduled for a hearing with the [j]udge in Meyersdale."

Following this field confrontation, the Pennsylvania Game Commission sent [Appellants] their [C]itations via mail.  Each [C]itation contained the following warnings under the "Notice" section on the front of the [C]itation, in relevant part:

Your privileges to hunt and trap anywhere in the Commonwealth may be suspended or revoked for any of the following:

- If you plead guilty or are found guilty of an offense under the Game and Wildlife [C]ode

---

[1] Jody and Ronald were charged on separate dockets.  However, the trial court addressed the two cases together in the underlying proceedings, and Jody and Ronald have filed identical appellate briefs.  Thus, we have consolidated these cases for our review.

[2] *See* 34 Pa.C.S.A. §§ 2307(a), 2505(a), 2308(a)(7), 2504(a).

On December 17, 2019, [Appellants] pled guilty to all charges. [Jody] was notified by letter from the Pennsylvania Game Commission[,] dated February 21, 2020, that [Appellants] would each have their Pennsylvania hunting licenses revoked. [Jody] testified that he pursued an administrative hearing to appeal [Appellants'] hunting license revocations, which was held on June 26, 2020.[FN] Following th[at] appeal, the Game Commission affirmed the hunting license revocations. …

---

[FN] The administrative hearing was not held until June due to delays caused by the Covid-19 pandemic.

Trial Court Opinion, 5/3/21, at 1-2 (one footnote added; one footnote in original; citations to the record and exhibits omitted).

On August 5, 2020, Appellants filed a Notice of Appeal from the summary conviction, and a Petition to permit summary appeal, *nunc pro tunc*, or to enforce plea agreement. Appellants argued that Warden Barron told them that if they entered a guilty plea, their hunting privileges would not be revoked. **See** Petition to Permit Summary Appeal, 8/5/20, ¶ 5. Appellants also claimed that they received notice that the Game Commission had affirmed the hunting license revocations in July 2020, and that their Petition was prompt from that time. **See id.**, ¶¶ 12, 17; **see also id.**, ¶ 18 (citing statewide court and government closures due to the Covid-19 pandemic). The trial court conducted a hearing on Appellant's Petition on September 5, 2020, after which the court afforded the parties an additional 14 days to brief the issue of whether Warden Barron negligently or wrongfully violated a duty. The parties timely complied.

On December 15, 2020, the trial court entered an Order denying and dismissing Appellants' Petition to permit *nunc pro tunc* appeal. The trial court specifically found that "(1) [] Warden Barron's conduct in this case does not equate to 'extraordinary circumstances involving fraud or a wrongful or negligent act of a court official' …; (2) [Appellants] did not act promptly to seek relief …; and (3) the legal authority and arguments upon which this appeal is based are unpersuasive." Order, 12/15/20 (citations omitted). Appellants filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Before addressing Appellants' arguments on appeal, we must determine whether this Court has jurisdiction over this matter. *See Commonwealth v. McClure*, 172 A.3d 668, 683 (Pa. Super. 2017) (stating that this Court may address the issue of jurisdiction *sua sponte*). Pursuant to section 762(a)(2) of the Judicial Code, the Commonwealth Court has exclusive jurisdiction over "Governmental and Commonwealth regulatory criminal cases[,]" which includes any "[r]ule, regulation or order of any Commonwealth agency[,]" or any "[r]egulatory statute administered by any Commonwealth agency…." 42 Pa.C.S.A. § 762(a)(2). The Pennsylvania Game and Wildlife Code is a regulatory statute within the meaning of section 762(a)(2). *See Commonwealth v. Reed*, 696 A.2d 199, 200-01 (Pa. Super. 1997). Thus, "[t]he Commonwealth Court of Pennsylvania is conferred with jurisdiction over appeals from criminal prosecutions brought pursuant to the Game and Wildlife

- 4 -

Code." ***Commonwealth v. Gosselin***, 861 A.2d 996, 999 n.2 (Pa. Super. 2004).

Based upon the foregoing, we conclude that this appeal properly falls within the exclusive jurisdiction of the Commonwealth Court. We therefore transfer this case to the Commonwealth Court.

Appeal transferred to Commonwealth Court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/19/2021